CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 18 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| SOUTH END CONSTRUCTION, INC., | ) | Civil Action No. 7:12-cv-390 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| TOM BRUNTON MASONRY, INC., | ) | |
| | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

This matter is before the Court on Defendant's Motion to Change Venue (Dkt. No. 3.) Plaintiff has filed a Brief in Opposition (Dkt. No. 6) and Defendant has filed a Reply (Dkt. No. 9.) Both parties have indicated a desire to proceed without a hearing and the matter is now ripe for disposition. For the reasons that follow, Defendant's Motion to Change Venue is **DENIED**.

## I.     BACKGROUND

This dispute arises out of the breach of a construction contract concerning an addition to the Wythe County Offices in Wytheville, Virginia. Plaintiff is the general contractor for the addition and contracted with Defendant to provide the masonry work for the project. Plaintiff alleges that Defendant failed to provide proper materials and to perform its work in accordance with the contract. Eventually, Plaintiff terminated the sub-contract after allegedly providing numerous opportunities for Defendant to cure performance.

Plaintiff initially filed the action in the Circuit Court of Wythe County and Defendant timely filed for removal based on diversity jurisdiction. Plaintiff is a Virginia corporation with a principal place of business in Roanoke, Virginia. Defendant is a Florida corporation with a principal place of business in Maryville, Tennessee. Defendant now seeks to transfer venue

within the Western District of Virginia from the Roanoke Division to the Abingdon Division. Abingdon is closer to Defendant's principal place of business and to Wytheville, Virginia, where the construction site is located.

## II.    ANALYSIS

A transfer of venue is governed by 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The decision to transfer lies within the sound discretion of the court. See Beam Laser Sys. v. Cox Comm'ns, Inc., 117 F. Supp.2d 515, 517 (E.D. Va. 2000). "In deciding a motion to transfer venue [under § 1404(a)], the court should consider the plaintiff's choice of venue, convenience to the witnesses and parties, and the interest of justice." Gen. Creation LLC v. Leapfrog Enters., Inc., 192 F. Supp. 2d 503, 504 (W.D. Va. 2002).[1]

Although neither party raised the issue in briefing, it appears to the Court that the action could not have been brought in the Abingdon Division and that therefore transfer to Abingdon is inappropriate. Section 1404(a) states that venue may be transferred to any "division where it might have been brought." Venue is proper, or the action might have been brought, under 28 U.S.C. § 1391(b) in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The parties dispute in their briefs whether the forum selection clause in the contract requires that a particular forum be chosen. The clause apparently grants Plaintiff the right to select a forum, but Defendant contends Plaintiff waived the right to select a forum. Because there are sufficient reasons to deny the Defendant's motion, the Court does not address the forum selection clause.

The Local Rules state that venue rules within the Western District of Virginia operate as though "district" in § 1391 is replaced by "division." W.D. Va. Gen. R. 2(b). Therefore, it appears to the Court that the defendant does not reside in the Abingdon Division, no events giving rise to the claim occurred in the Abingdon Division, no property that is the subject of the action is located in the Abingdon Division, and that Defendant is not subject to personal jurisdiction in the Abingdon Division. The only rationale for transfer to the Abingdon Division propounded by Defendant is that Abingdon is half the distance between the parties. Therefore, placing venue in the Abingdon Division would violate the Local Rules and the Motion should be denied. However, because the parties have not briefed the issue, and the § 1404(a) issue has been briefed and the Court reaches the same decision on those grounds, the Court, out of an abundance of caution, will proceed with the § 1404(a) analysis.

## A. Plaintiff's Choice of Forum

A plaintiff's choice of forum is typically entitled to considerable deference, especially when the suit is filed "in the district and division in which [the plaintiff] resides." Glamorgan Coal Corp. v. Ratners Grp., PLC, 854 F.Supp. 436, 437 (W.D. Va. 1993) (citing Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)). Indeed, to defeat the plaintiff's choice a defendant must normally show that "the balance of equities is in [his or her] favor [and] that judicial economy and convenience to **all parties** favor suit in another forum." Id. at 437-48 (quoting Eldridge v. Bouchard, 620 F. Supp. 678, 684 (W.D. Va. 1985) (emphasis added)); see also Akers v. N & W Ry. Co., 378 F.2d 78, 80 (4th Cir. 1967) (noting the plaintiff has "the primary right . . . to choose his forum," and that selection is "not easily to be overthrown").

To avoid the application of deference, Defendant argues, with no citation to authority, that this deference is lost when a plaintiff initially files in state court but the defendant removes

3

to federal court. However, the Court finds that declining to give the normal weight granted to plaintiff's choice of forum in such an instance would have several disadvantages.

Most importantly, plaintiffs are entitled to rely on the normal operation of 28 U.S.C. § 1441(a). As Defendant has pointed out, "[w]hen a case is removed to federal court, it is automatically placed in 'the district and division embracing the place where [the state] action is pending.'" (Dkt. No. 4 at 2 (citing 28 U.S.C. § 1441(a))). When Plaintiff filed a case in the Wythe County Circuit Court against a diverse Defendant, it must have expected, or at least foreseen, that Defendant would remove the case to federal court. By operation of § 1441(a), removal would thus automatically place the case in the Roanoke division, since Wythe County is within the Roanoke Division per the Local Rules. W.D. Va. Gen. R. 2(a)(7). Plaintiff likely foresaw and intended this result, but Defendant's removal does not rob Plaintiff's choice of all adjudicative weight. Indeed, Plaintiff states flatly, "If South End had elected to institute this action in federal court, it would have instituted this action in the Roanoke Division." (Dkt. No. 6 at 4.) Roanoke is the ideal venue for Plaintiff: South End's principal place of business and its counsel's offices are in Roanoke, and Wythe County is in the Roanoke Division. That the federal courthouse was not Plaintiff's first destination does not mean that Plaintiff's choice of a state court within the Roanoke Division, with full knowledge of the operation of §1441(a), should be given no deference in considering a transfer of venue after **Defendant** exercised the right of removal.

There are other reasons to reject Defendant's contention, discussed extensively in a recent case from the District of Minnesota:

> The Court rejects the contention that a plaintiff's choice of forum is entitled to less deference in the § 1404(a) analysis if the plaintiff initially filed suit in state court. It would be illogical to so incent plaintiffs to file diversity cases in federal court in the first instance. First, such an incentive could result in an increase in the number

4

of cases filed in federal court with a dubious jurisdictional basis. Second, such an incentive could undermine interests of comity and could detract from the opportunities that state courts have to decide questions of state law. See Levin v. Commerce Energy, Inc., ___ U.S. ___, 130 S.Ct. 2323, 2336, 176 L.Ed.2d 1131 (2010). More fundamentally, § 1404(a) is "a federal judicial housekeeping measure, dealing with the **placement of litigation.**" Van Dusen v. Barrack, 376 U.S. 612, 624–25 (1964). Whether the plaintiff initially elected to place the litigation in state or federal court is of little import in the § 1404(a) analysis, which involves primarily an examination of convenience factors based on geography. If the plaintiff elected to place the litigation in a particular state, then that choice is entitled to deference, regardless of whether the plaintiff initially elected to place the litigation in a state or federal courthouse in that state.

Oien v. Thompson, 824 F. Supp. 2d 898, 905-06 (D. Minn. 2010). But see Deist v. Washington Univ. Med. Ctr., 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005) (declining, without analysis, to give weight to plaintiff when case was initially filed in state court). The Court declines to give "no deference" to the Plaintiff's choice of venue as Defendant has suggested (Dkt. No. 9 at 2) and grants the Roanoke Division the usual weight accorded to the Plaintiff's choice of forum.

## B. Convenience to the Witnesses and Parties

The second factor the Court must consider is the convenience of the witnesses and parties. See Gen. Creation LLC, 192 F. Supp. 2d at 504. In support of transferring the case to the Abingdon Division, the Defendant points out that Wytheville, the location of this construction dispute is 55 miles from the federal courthouse in Abingdon and 78 miles from the federal courthouse in Roanoke. The non-party witnesses at trial would likely have to travel from Wytheville to Roanoke or Abingdon. For the non-party witnesses, therefore, the courthouses are roughly equidistant, but Abingdon is slightly closer.

The difference in venue becomes important when comparing the distance for the party witnesses. Plaintiff's principal place of business, as well as its counsel's offices, are located in Roanoke and are thus close to the federal courthouse in Roanoke. If venue were transferred to Abingdon, Plaintiff's travel would be lengthened from a few miles to 136. Defendant's principal

5

place of business is in Maryville, Tennessee, 152 miles from Abingdon and 285 miles from Roanoke. Defendant's counsel has its offices in Bristol, Virginia, about 15 miles from Abingdon. Transfer to Abingdon would make the trial location roughly equidistant between the two parties and marginally closer for the non-party witnesses, who would likely be concentrated in Wythe County.

The Courts finds that the difference from Wytheville to Abingdon and Roanoke, the travel distance for the non-party witnesses, is negligible. The difference in distance is only 23 miles on Interstate 81, a small difference on a stretch of road where posted speed limits reach 70 mph. All told, it is a difference of 15 to 20 minutes for the non-party witnesses. While the distance differential is greater for the party witnesses, the convenience of party witnesses is a lesser consideration in the transfer of venue analysis because they are presumed to be willing to testify in either forum. See State St. Capital Corp. v. Dente, 855 F. Supp. 192, 198 (S.D. Tex. 1994).

All in all, the convenience factors slightly favor Defendant. Abingdon is somewhat closer to Wytheville than Roanoke is and much closer to Maryville, Tennessee.

## C. Interests of Justice

As noted, the Court must also consider the "interests of justice." See Gen. Creation LLC, 192 F. Supp. 2d at 504. Defendant also makes other miscellaneous arguments in support of transferring venue. First, it argues that because Abingdon is closer to Wythe County, a site view would be more convenient if one were deemed appropriate during trial. Second, Defendant argues that moving the trial to Abingdon would make it less likely for jurors to be tempted to drive by the Wythe County Offices for an improper view of the subject matter of the litigation.

Third, Defendant argues that Abingdon is a "neutral location" where the jury pool would not include Wythe County residents, whom the Defendant fears will be biased against it.

The Court has already addressed Defendant's site view argument by noting the minimal 23-mile difference between holding the trial in Abingdon versus Roanoke. Furthermore, as Plaintiff has pointed out, "[s]ite views are rare. In this instance, the work which is the subject of this action either was not done, has been replaced or is now covered up." (Dkt. No. 6, at 7.) Because of this, it is unlikely that a site view will be needed. As such, the possibility of saving 15 to 20 minutes in the unlikely event of a site view is only the slightest factor favoring Defendant.

Defendant's second argument runs counter to Defendant's first argument. If Abingdon is closer to Wythe County for purposes of a site view, then it is also closer for purposes of improper views by jurors. This argument favors Plaintiff or at least does not favor Defendant.

As to the Defendant's worry that the jury pool may be composed of Wythe County residents who would be biased against it, the Court is unpersuaded for at least two reasons. First, there is only a small likelihood that a Wythe County member would be on the jury, since the population of Wythe County is very small and the population of the Roanoke area alone is very large. Second, the possibility of a biased juror or juror with a predetermined attitude about a particular defendant is always a risk, a risk that *voir dire* is designed to reduce, if not eliminate. The "interests of justice" factor only slightly favors Defendant.

### D. Summary

After evaluating the arguments of the parties, the Court finds that the interests of justice factors and the convenience of the non-party witnesses are essentially non-factors one way or the other. The determination of whether to transfer venue or not thus comes down to the Plaintiff's choice of venue against the inconvenience of the Defendant's witnesses and counsel having to

7

drive up from Maryville, Tennessee and Bristol, Virginia, respectively. The difference in distance for Defendant witnesses is no doubt substantial. Although Defendant has come forward with significant evidence and argument that it would be inconvenienced if the suit were to remain in the Roanoke Division, evidence of inconvenience alone is insufficient to warrant a transfer of venue.

The Court finds that the convenience factors do not override the considerable weight normally granted to the Plaintiff's choice of forum. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); see also Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").

The Court is sympathetic to Defendant's plight and the traveling distances that will be required if the case should go to trial. But the risk of going to trial in Roanoke should have been apparent to Defendant when it signed a construction contract with a Roanoke general contractor with work to be performed within the Roanoke Division. Defendant's Motion to Transfer Venue is **DENIED**.

ENTER: This _18_ day of September, 2012.

_James C. Turk_
Hon. James C. Turk
Senior United States District Judge

8