CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SOUTH END CONSTRUCTION, INC., | ) |
| | ) Civil Action No. 7:12-cv-390 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| TOM BRUNTON MASONRY, INC., | ) |
| | ) By: Hon. James C. Turk |
| Defendant. | ) Senior United States District Judge |

In this contractual dispute between South End Construction ("South End" or "Plaintiff")—a general contractor—and Tom Brunton Masonry ("Brunton Masonry" or "Defendant")—a subcontractor, Brunton Masonry alleges that South End unlawfully retained ten percent of the required progress payments owed to Brunton Masonry when a Virginia statute limits the lawful retainage to five percent. South End has admitted that it retained funds in excess of the statutory allowance, but argues in its Motion to Dismiss Count V of the Counterclaim (ECF No. 30) that the violated statute does not contain an express private right of action and that this Court should not imply one. Defendant has filed a Brief in Opposition, ECF No. 35, in which it argues that the Court should imply a private right of action—or, in the alternative—that the five percent statutory retainage limit was incorporated into the contract by operation of law. Plaintiff elected not to file a Reply. Both parties have indicated a desire to proceed without a hearing and the matter is now ripe for disposition.

For the reasons that follow, Plaintiff's Motion to Dismiss is **GRANTED**, but the Court will grant Defendant leave to file a Second Amended Counterclaim to re-plead Count V as a

breach of contract claim because the five percent retainage limit was incorporated into the contract by operation of law.

I. BACKGROUND AND ANALYSIS

This dispute arises out of the breach of a construction contract concerning an addition to the Wythe County Offices in Wytheville, Virginia. South End is the general contractor for the addition and subcontracted with Brunton Masonry to provide the masonry work for the project. As is the case with many subcontract agreements, Brunton Masonry would periodically present progress payment applications to South End, which would in turn seek a progress payment from Wythe County. When Wythe County made progress payments to South End, South End would forward the funds due to Brunton Masonry, less a certain percentage, called "retainage," "to ensure faithful performance of the contract." Va. Code Ann. § 2.2-4333(a).

The parties' contract specifies that Virginia law governs the present action. See ECF No. 1-1, Ex. 1 at 1. The Virginia Public Procurement Act ("VPPA")—which governs public contracting in the Commonwealth—limits the percentage of money owed to a subcontractor that a general contractor may retain from earned installment progress payments to five percent. See Va. Code Ann. § 2.2-4333(b). South End has admitted that it "errantly withheld ten percent (10.0%) retainage, rather than the five percent (5.0%) permitted by the Virginia Public Procurement Act." ECF No. 29, Answer to Counterclaim ¶ 24.

Brunton Masonry contends that this Court should imply a private right of action to remedy this violation of § 2.2-4333. The implication, however, of private rights of action by federal courts is disfavored. See A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 674 (4th Cir. 1986) ("[F]ederal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so. Without clear

and specific evidence of legislative intent, the creation of a private right of action by a federal court abrogates both the prerogatives of the political branches and the obvious authority of states to sculpt the content of state law."). Because there is no express private right of action in the statute, nor has any Virginia court implied a private right of action to remedy a § 2.2-4333 violation, the Court **GRANTS** the Motion to Dismiss Count V of the Counterclaim in its current form.

This lack of an implied right of action does not leave Brunton Masonry without a remedy, however, because the five percent retainage limit was incorporated as a matter of law into the contract. The Supreme Court of Virginia has stated that the VPPA is "incorporated . . . by operation of law" into public procurement contracts where its provisions are relevant. See Envtl. Staffing Acquisition Corp. v. B & R Const. Mgmt., Inc., 725 S.E.2d 550, 554, 554 n.3 (Va. 2012) (concluding that § 2.2-4337 of the VPPA was incorporated into a relevant contract by operation of law and quoting Maxey v. Am. Cas. Co., 23 S.E.2d 221, 223 (Va. 1942), for the proposition that "[a] pertinent statute is as much a part of the contract as if it were incorporated in it."). Moreover, "a contract to perform an act prohibited by a statute is void." Palumbo v. Bennett, 409 S.E.2d 152, 153 (Va. 1991). Section 2.2-4333 is directly on point as to permitted retainage in a public procurement contract, which South End has not disputed. The Court therefore concludes that § 2.2-4333 was incorporated by operation of law into the contract between South End and Brunton Masonry. This statutory provision replaced the relevant, void section of the contract that purported to allow South End to retain ten percent of the progress payments.

Furthermore, Brunton Masonry did not waive the protections of § 2.2-4333 when it agreed to the ten percent retainage in the contract. The Supreme Court of Virginia has stated:

3

> Thus, it is clear that the [VPPA] is unique because in the area of public procurement, the statutory scheme balances many competing interests and confers certain rights and obligations upon citizens of the Commonwealth, nongovernmental contractors, and governmental entities. Because of this unique scheme, in the absence of explicit statutory authorization, certain rights cannot be waived by contract. If the Act were to be construed to permit a contractor or a governmental entity to waive certain rights, then these waivers might frustrate the goals that the General Assembly sought to achieve by enacting the Act.

W.M. Schlosser Co., Inc. v. Bd. of Sup'rs of Fairfax Cnty., 428 S.E.2d 919, 922 (Va. 1993). There being no "explicit statutory authorization" allowing waiver of the retainage limit, the Court further concludes that the protections of § 2.2-4333 were not waived by Brunton Masonry.

Because § 2.2-4333 was incorporated into the contract and its protections were not waived, the Court will grant leave to Brunton Masonry to amend and re-plead Count V of the Counterclaim as a breach of contract claim.

ENTER: This 25th day of February, 2013.

_____
Hon. James C. Turk
Senior United States District Judge

4